IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00856-LTB

ANDREW E. CLARENSON,

    Petitioner,

v.

COLORADO DEPT. OF PAROLE, CHAIRMAN,
COLORADO DEPT. OF CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER ON PETITION FOR HABEAS CORPUS

---

Babcock, J.

This matter is before me on Petitioner Andrew E. Clarenson's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus ("Petition") (Docket Nos. 2 and 3).  Respondents answered the Petition (Docket No. 14) and Petitioner filed a traverse (Docket No. 15).  As Applicant is proceeding *pro se,* I must construe his pleadings liberally and hold him to a "less stringent standard." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).  After reviewing the pertinent portions of the record in this case including the Petition, the answer, the traverse, and the state court appellate record, I conclude that the Petition should be denied.

I.    Background

Petitioner was charged with second degree assault on an at-risk juvenile, menacing, third degree assault, false imprisonment, and a domestic violence enhancement count.  Pursuant to a plea agreement, he pled guilty to menacing with a deadly weapon, and the remaining charges

were dismissed. On December 20, 2001, Petitioner was sentenced to five years in the Colorado Department of Corrections ("CDOC") and two years of mandatory parole.

Petitioner did not directly appeal his conviction or sentence to the Colorado Court of Appeals ("CCA"). Instead, on February 26, 2002, Petitioner filed numerous *pro se* motions with the trial court, attempting to withdraw his guilty plea and vacate hisسentence. The trial court denied all of Petitioner's motions without a hearing. Petitioner filed a brief appealing the trial court's denial of his motions with the CCA on December 9, 2002. The CCA affirmed the trial court's denial on April 22, 2004. Although the CCA issued its mandate on January 5, 2005, it appears that the Colorado Supreme Court ("CSC") permitted Petitioner to file an untimely petition for writ of certiorari on that same date, which the CSC denied on March 28, 2005.

On February 14, 2005, Petitioner filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c) challenging the constitutionality of his sentence under *Blakely v. Washington*, 524 U.S. 296 (2004). The trial court denied Petitioner's Rule 35(c) motion, and the CCA affirmed the trial court's denial. The CSC denied Petitioner's petition for writ of certiorari on March 12, 2007. On April 26, 2007, Petitioner filed the instant petition for habeas corpus in this court, arguing that his sentence is unconstitutional under the standard set forth by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), and that the five-year sentence must be reduced because the trial court imposed the sentence based on its own findings of extraordinary aggravating circumstances pursuant to Colo. Rev. Stat. § 18-1.3-401(6).

II.     Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. Mcguire*,

502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted). The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Petitioner's case, habeas review in this Court is concerned with the proceeding in the Colorado Court of Appeals which was the final substantive proceeding in the state appellate review process.

As Petitioner filed his Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir.1999)). Under the AEDPA, a district court may only consider a habeas petition when the petitioner argues that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000) (citation omitted).

      A state court decision is "contrary to" clearly established Federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent,* 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000)). A state court decision involves an "unreasonable application" of clearly established Federal law when "'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the petitioner's case.'" *Lockyer v. Andrade,* 538 U.S. 63, 75 (2005) (quoting *Williams,* 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams,* 529 U.S. at 409-10, 412). A "'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Id.* (quoting *Williams,* 529 U.S. at 411). Finally, when analyzing a petition, all determinations of factual issues by the state court are presumed to be correct and the petitioner has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). "[W]hether a state court's decision was unreasonable must be assessed in light of the record [that court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

III.     Discussion

As a preliminary matter, Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), nor do they assert that Petitioner failed to exhaust his state court remedies pursuant to 28 U.S.C. § 2254(b). Accordingly, the Court will address the merits of Petitioner's claim.

Although Petitioner does not provide any argument in the habeas petition currently before the Court, he previously argued before the CCA that his five-year aggravated range sentence must be reduced because the trial court imposed the sentence based on its own findings of extraordinary aggravating circumstances pursuant to Colo. Rev. Stat. § 18-1.3-401(6). Petitioner's sole claim appears to assert that his sentence is unconstitutional under the standard set forth by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004).

First, the Court notes that the applicability and continued vitality of Supreme Court precedent is a pure question of law. *See, e.g., United States v. Barbosa*, 271 F.3d 438, 452 (3rd Cir. 2001); *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001).  As such, the Petition may be granted in this case only if the adjudication of Petitioner's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).  Because the claim asserted by Petitioner is purely a question of law, there is no basis for analysis of whether the state court's decision was an unreasonable determination of the facts in light of the evidence presented pursuant to 28 U.S.C. § 2254(d)(2).

Second, as noted by Respondents, Petitioner's claim can be reviewed only under

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), because *Blakely* is not retroactive to convictions that became final before *Blakely* was announced. *See United States v. Price*, 400 F.3d 844, 848-49 (10th Cir. 2005). A conviction becomes final when the availability of a direct appeal has been exhausted. *Id.* at 846. Petitioner's conviction became final in February of 2002, after the time for filing a notice of appeal had expired. *Blakely* was decided on June 24, 2004. Therefore, Petitioner's reliance on *Blakely* affords him no relief. *Id.*

The postconviction decision of the CCA, which also found that *Blakely* was not applicable to Petitioner's conviction, was neither incorrect nor objectively unreasonable. The CCA reasonably applied *Apprendi*, relying on *People v. Allen*, 78 P.3d 751, 754 (Colo. App. 2001), *overruled by Lopez v. People*, 113 P.3d 713 (Colo. 2005), which concluded that "*Apprendi* does not invalidate the sentencing scheme adopted by the [Colorado] General Assembly, which creates a presumptive sentencing range and permits the trial court to sentence in aggravated or mitigated ranges, in its discretion, based upon unspecified extraordinary factors." This conclusion is not contrary to the result reached in *Apprendi* on materially indistinguishable facts. *See Apprendi*, 530 U.S. at 490. Because *Blakely* may not be retroactively applied on habeas review, *see Price*, 400 F.3d at 849, in analyzing the decisions of the state court here, the Court "must focus on the state of federal law as of the date that the Supreme Court announced its decision in *Apprendi*." *Gonzales v. Tafoya*, 515 F.3d 1097, 1110 (10th Cir. 2008). The primary holding of *Apprendi* was that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis provided).

In this case, Petitioner pled guilty to the class 5 felony of menacing with a deadly weapon under Colo. Rev. Stat. § 18-3-206(1)(a), which is punishable by a presumptive range of one to three years imprisonment and an additional two years of mandatory parole. In addition, pursuant to Colo. Rev. Stat. § 18-1.3-401(6), a court may increase the sentence to a term not greater than twice the maximum of the presumptive range (here six years) upon a finding of extraordinary aggravating circumstances. Under the total applicable statutory provisions in this regard, Petitioner was subject to a sentencing range of three years to six years. *See* Colo. Rev. Stat. § 18-1.3-401(6) & 18-3-206(1)(a). Petitioner's sentence of five years falls below the statutory maximum to which Petitioner was exposed. Therefore, *Apprendi* is inapplicable to this case. The postconviction decision of the Colorado Court of Appeals, which reached the same conclusion, was neither incorrect or objectively unreasonable.

Therefore, applying the deferential standard of review required by the AEDPA, *see* 28 U.S.C. § 2254(d)(1), I conclude that the trial court did not unreasonably apply federal law in rejecting Petitioner's claim and Petitioner is not entitled to federal habeas relief.

Accordingly, it is ordered:

1. Petitioner Andrew E. Clarenson's Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus (Docket No. 2) is denied.

2. This case is dismissed with prejudice.

Dated:  April 7, 2009

BY THE COURT:

   s/Lewis T. Babcock
United States District Judge